HARRY KLUGER, PLAINTIFF-RESPONDENT, v. JACOB MENDELSON AND SAMUEL MENDELSON, CO-PARTNERS, TRADING AS MENDELSON BROTHERS & SIFF, AND MENDELSON BROTHERS FACTORS, INCORPORATED, A FOREIGN CORPORATION, DEFENDANTS-APPELLANTS.

Submitted January 27, 1933—Decided August 16, 1933.

Before Justices BODINE and DONGES.

For the defendants-appellants, *Paul Rittenberg.*

For the plaintiff-respondent, *Cole & Morrill (David L. Cole).*

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff in the sum of $610.34. The case was tried in the Passaic Circuit without a jury. Plaintiff originally sued in the Second District Court of Paterson. The case was removed by the defendants to the Circuit Court, a recoupment having been filed. Plaintiff then amended the pleadings demanding damages in the sum of $653.40. The action was upon a contract. Defendant alleged non-performance and sought to recover an advance payment. The contract in suit is signed Mendelson Bros. & Siff by S. Mendelson. The judgment record shows that the defendants in the District Court action were Jacob Mendelson and Samuel Mendelson, co-partners, trading as Mendelson Bros. & Siff and Mendelson Bros. Factors, Incorporated. At all events, Samuel

Mendelson swore that he was a member of the firm and an officer of Mendelson Bros. Factors, Incorporated, the defendants in the District Court action, and sought to have the matter removed from the District Court for the reason that the recoupment sought was in excess of the jurisdiction of that court.

The suggestion that there was no evidence to support the judgment against Mendelson Bros. Factors, Incorporation, a New York corporation, is without merit.

It is argued that there was no evidence adduced at the trial to support the judgment. We think there was.

There seems to be no merit in the point that the trial court in arriving at its judgment considered evidence in violation of the parol evidence rule. We have examined the questions and answers objected to. We cannot say from our scrutiny of the record that the questions were objectionable, or that the evidence adduced violated the parol evidence rule. We can arrive at but one conclusion from the record, that it was conceded by counsel for both parties that the decision of the case rested in the sound discretion of the trial judge.

The judgment is affirmed, with costs.